UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYRONE SMITH,

        Plaintiff,                        Case No. 1:10-cv-1178

v.                                              Honorable Paul L. Maloney

ROBERT LINCOLN et al.,

        Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant K. Dusenbery. The Court will serve the complaint against Defendants Robert Lincoln and William Williams.

## Discussion

### I. Factual allegations

Plaintiff presently is incarcerated at the Richard A. Handlon Correctional Facility (MTU). In his *pro se* complaint, he sues MTU Correctional Officers Robert Lincoln and William Williams, and Inspector K. Dusenbery.

On June 2, 2010, Officer Lincoln stopped Plaintiff to conduct a shake down. During the shake down, Officer Lincoln allegedly went "up Plaintiff's legs past his thigh area and cupp[ed] his genitals with his hands in a groping manner." (Compl., Page ID #3, docket #1.) That same day, Plaintiff filed a grievance against Officer Lincoln for harassment. After filing the grievance, Plaintiff claims that Officer Lincoln wrote a false major misconduct ticket against him and conspired with Officer Williams to sexually assault Plaintiff during another shake down.

On July 7, Plaintiff alleges that Officer Lincoln walked past Plaintiff and called Officer Williams over to conduct a shake down of Plaintiff. During that shake down, Plaintiff claims that Officer Williams put his hand in Plaintiff's back pockets and squeezed Plaintiff's buttocks. Officer Williams then placed his hands in Plaintiff's side pockets and "proceeded to go up and down Plaintiff's leg [and] painfully grabb[ed] Plaintiff's genitals with his hand. The pain caused Plaintiff to raise up on his toes in agony . . . [and] brought tears to Plaintiff's eyes." (Compl., Page ID #4.) Plaintiff also argues that Inspector Dusenbery failed to investigate his grievance. Mainly, Plaintiff complains that Inspector Dusenbery did not interview any of Plaintiff's witnesses. Plaintiff also alleges that Inspector Dusenbery wrongly denied his grievance for inappropriately commenting on Officer Lincoln's sexuality. Plaintiff states that a grievant should not be penalized for filing a grievance unless he or she misuses the grievance process according to Michigan Department of Corrections'(MDOC) Policy Directive 03.02.130.

In summary, Plaintiff alleges Eighth Amendment claims against Defendants Lincoln and Williams for sexually assaulting him. Plaintiff also argues First Amendment claims against Defendants Lincoln and Williams for retaliating against Plaintiff for filing a grievance. Finally, Plaintiff claims that Defendant Dusenbery violated his due process rights in his response to his grievances.

For relief, Plaintiff requests punitive and compensatory damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, ___ F.3d ___, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.     Defendant Dusenbery**

1.     Grievance

Plaintiff claims that Defendant Dusenbery failed to conduct an investigation into his grievance. Plaintiff has no due process right to file a prison grievance or to have his concerns adequately investigated. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Dusenbery's failure to conduct an adequate investigation did not deprive Plaintiff of due process.

Moreover, Plaintiff fails to allege that Dusenbery engaged in any active unconstitutional behavior. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th

Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Further, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Dusenbery engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

2. Policy Directive

Plaintiff claims that Defendant Dusenbery failed to comply with MDOC Policy Directive 03.02.130. Defendant Dusenbery's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, to the extent that Plaintiff's complaint presents claims under state law against Defendant Dusenbery, this Court declines to exercise jurisdiction. *See Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) ("Where a district court has exercised jurisdiction over

a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits.") (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

### B. Remaining Claims

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to state a claim against Defendants Lincoln and Williams for violating Plaintiff's First and Eighth Amendment rights. The Court will also serve any state law claims against Defendants Lincoln and Williams.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant K. Dusenbery will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Lincoln and Williams.

An Order consistent with this Opinion will be entered.

Dated:  February 8, 2011            /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge