UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TYRONE SMITH, # 341168, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-1178 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| ROBERT LINCOLN, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.
Plaintiff's claims arise out of his confinement at the Richard A. Handlon Correctional Facility
(MTU) in June and July 2010. He alleges: (1) that a search conducted on June 2, 2010, by Officer
Robert Lincoln violated his Eighth Amendment rights, (2) that the major misconduct charge Officer
Lincoln filed against him on June 2, 2010, constituted retaliation in violation of his First Amendment
rights, and (3) that a search conducted on July 7, 2010, by Officer William Williams violated his
Eighth Amendment rights. Plaintiff sues defendants in their official and individual capacities and
seeks damages and declaratory and injunctive relief.

The matter is now before the court on defendants' motion for summary judgment.
(docket # 29). Plaintiff has elected not to file a response to defendants' motion. Upon review, I
recommend that all plaintiff's claims for damages against defendants in their official capacities be
dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further
recommend that all plaintiff's claims for declaratory and injunctive relief be dismissed as moot. I
further recommend that defendants' motion for summary judgment be granted and that judgment be

entered in defendants' favor on all plaintiff's claims for damages against defendants in their individual capacities.

## <u>Applicable Standards</u>

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

Although plaintiff elected not to file a response to defendants' motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine defendants' motion to ensure that they have discharged their burden.

**Proposed Findings of Fact**

The following facts are beyond genuine issue.  Plaintiff is an inmate at the G. Robert Cotton Correctional Facility (JCF).  In June and July 2010, he was an inmate at Richard A. Handlon Correctional Facility (MTU).  Corrections Officers Robert Lincoln and William Williams are employed by the Michigan Department of Corrections (MDOC) at MTU.

On June 2, 2010, defendant Lincoln conducted a pat-down search of plaintiff. Lincoln issued a major misconduct ticket against plaintiff for sexual misconduct and insolence based on his behavior during the search.  The misconduct ticket was dismissed at the review stage because Officer Lincoln made a clerical error by identifying plaintiff by prisoner number 341186, when the correct number was 341168.  Lincoln was not aware of any grievances by plaintiff, and he would have written the misconduct ticket regardless of any grievance activity by plaintiff.  (Lincoln Decl. ¶¶ docket # 30-7, ID#s  273-76).

On July 7, 2010, Officer Williams observed suspicious conduct involving plaintiff and prisoner Lott.  Officer Williams searched both inmates.  (Williams Aff. ¶¶ 4-10, docket # 30-8, ID#s 287-88).  That was apparently the sum and substance of the July 7 incident -- a routine prison search.

**Discussion**

1.    Mootness

Plaintiff is now an inmate at JCF.  Defendants are employed by the State of Michigan at MTU.  Plaintiff's claims for injunctive and declaratory relief against defendants are moot.  *See*

*Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

2.       Eleventh Amendment Immunity

Plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity.  The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  The State of Michigan has not consented to civil rights suits in federal court.  *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).  A suit against a state officer in his official capacity is simply another way of pleading an action against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).  Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983.  *See Will*, 491 U.S. at 71.

3.       Dismissed Misconduct Ticket and Pat Down Searches

Plaintiff has not supported his claims with evidence on which any reasonable trier of fact could find a constitutional violation in the challenged searches or the dismissed misconduct charge.  Plaintiff is required to produce some evidence that (1) he engaged in protected conduct, (2) defendant retaliated by subjecting him to an action that would deter a person of reasonable firmness, and (3) a causal connection between the two.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 399 (6th Cir. 1999) (*en banc*); *see also Tuttle v. Carroll County Detention Ctr. No.*, 10-5693, 2012 WL 4215747 (6th Cir. Sep. 21, 2012); *Whiteside v. Parrish*, 387 F. App'x 608, 612 (6th Cir. 2010);

-4-

*Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005). Assuming *arguendo* that plaintiff had engaged in protected conduct of some sort, there is no evidence that Lincoln was aware of it before writing the misconduct ticket, or that the ticket was motivated by the previous protected speech. Likewise, there is no evidence that Officer Williams knew of, or was motivated by, previous protected conduct when he decided to search plaintiff. Furthermore, it is inarguable that a routine prison search -- a commonplace event that occurs hundreds of times a day in every prison -- would deter a prisoner of ordinary firmness.

No reasonable jury could ever return a verdict for plaintiff on this record.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's claims for injunctive and declaratory relief be dismissed as moot. I further recommend that all plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motion for summary judgment (docket # 29) be granted and that judgment be entered in defendants' favor on all plaintiff's claims for damages against defendants in their individual capacities.

Dated:  March 14, 2013            /s/  Joseph G. Scoville
                                  United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474

U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).